UNITED STATES v. PARAMOUNT PUBLIX CORPORATION.

No. 3809.

Court of Customs and Patent Appeals.
Oct. 29, 1934.

Joseph R. Jackson, Asst. Atty. Gen., for the United States.

Brown & Carter, of New York City (Allan R. Brown and Fred J. Carter, both of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellee imported certain projection apparatus and parts thereof, at the port of New York, under the Tariff Act of 1930. These goods were classified for duty by the collector, under the provisions of paragraphs 228 (b) and 397 of section 1 of said act (19 USCA § 1001, pars. 228 (b), 397). The importer protested, a hearing was had before the United States Customs Court, and a judgment was entered by the court sustaining the protest.

Thereupon the government attempted to appeal to this court from said judgment. This it did by a timely filing of the following alleged petition, accompanied by an assignment of errors:

"Petition for Review

"To the Honorable the United States Court of Customs and Patent Appeals:

"Your petitioner, being dissatisfied with the decision of the United States Customs Court in each of the matters referred to in the annexed schedule A, respectfully prays your court to review the questions involved therein, and for such relief in the premises as to the court shall seem just. The particulars of the errors of law and fact involved in said decision with which your petitioner is dissatisfied are set forth in the annexed assignment of errors.

"Dated New York, N. Y., May 12, 1934.
  "The United States,
"By Charles D. Lawrence,
      "Assistant Attorney General, Attorney for Appellant, 201 Varick Street, New York, N. Y."

The appellee thereupon filed in this court a motion to dismiss said appeal, and the matter comes on now for hearing upon said motion. The grounds for such motion are thus stated in appellee's motion:

"That the Code of Laws of the United States of America, section 310 (Judicial Code, § 198), Title 28 (28 USCA § 310) permits of an appeal on behalf of the Government only by 'the collector or Secretary of the Treasury;

"That the appeal in this case was not made by a party authorized by the statute;

"That the petition for review does not show that it was filed by a party authorized by the statute;

"That the petition for review is not signed by or in behalf of a party authorized by the statute to take the appeal. * * * "

In his reply to appellee's motion, the Assistant Attorney General sets up a part of the Executive Order of the President, dated June 10, 1933 (No. 6166 [5 USCA § 132 note]), and effective sixty-one days thereafter, which portion of said order is as follows:

"Section 5.—*Claims by or against the United States*

"The functions of prosecuting in the courts of the United States claims and demands by, and offenses against, the Government of the United States, and of defending claims and demands against the Government, and of supervising the work of United States attorneys, marshals, and clerks in connection therewith, now exercised by any agency or officer, are transferred to the Department of Justice.

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice."

This executive order, it is averred, was issued in pursuance of the authority given by the Act of Congress approved March 3, 1933 (47 Stat. 1518 [5 USCA § 126]), which purports to authorize the President to regroup, consolidate, transfer, or abolish any executive agency or agencies.

The Assistant Attorney General also cites and relies upon T. D. 46601, dated August 26, 1933, 64 Treas. Dec. 190, which is as follows:

"To Collectors of Customs and Others Concerned:

"Attention is invited to section 5, paragraph 2, of the Executive order signed by the President on June 10, 1933, effective August 10, 1933, which reads as follows:

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice.

"Appeals to the United States Court of Customs and Patent Appeals from the decisions of the United States Customs Court will hereafter be filed in the name of the United States by the Assistant Attorney General, and publication of notices of such appeals will be made as at present in the weekly Treasury Decisions at the end of the section entitled, 'Abstracts of Other Court Cases,' under the heading 'Appeals to United States Court of Customs and Patent Appeals.'

"Dean Acheson,
"Acting Secretary of the Treasury."

No contention is made by the appellee in the written motion or in the oral argument by appellee's counsel that the reorganization statute above cited is invalid or unconstitutional, nor is any contention made that the President might not act thereunder and issue the order which he did promulgate and which is above referred to. The only contentions are, as we understand it, that the right to appeal is one which is vested by law in the collector or Secretary of the Treasury under and by virtue of the provisions of the Tariff Act of August 5, 1909, § 28, subsec. 29, 36 Stat. 107 (now Jud. Code § 198, 28 USCA § 310); the particular portion of said section involved being as follows: "If the importer, owner, consignee, or agent of any imported merchandise, or the collector or Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, or with any other appealable decision of said board, they, or either of them, may, within sixty days next after the entry of such decree or judgment, and not afterwards, apply to the Court of Customs Appeals for a review of the questions of law and fact involved in such decision. In Alaska and in the insular and other outside possessions of the United States nine-ty days shall be allowed for making such application to the Court of Customs Appeals. Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of. * * * "

Further, that said executive order did not purport to transfer to the Assistant Attorney General said right.

To quote, the contention of the appellee is that the "executive order does not assume to authorize the Department of Justice to take an appeal which is not authorized by law," and that, as the only appeal authorized by law is one by the Secretary of the Treasury or collector, so far as the government is concerned, neither the Secretary of the Treasury nor the President has authorized the Department of Justice to take the appeal in this case.

There being no contention as to the validity of the act of Congress authorizing the President to reorganize and transfer departments, it only remains to be seen whether the President has, under authority of this statute, divested the collector and Secretary of the Treasury of the right to appeal on behalf of the government in customs cases, and has conferred this right upon the Department of Justice.

The act (5 USCA § 126) provides that the President, by Executive order, may "(a) Transfer the whole or any part of any executive agency and/or the functions thereof to the jurisdiction and control of any other executive agency."

This language, certainly, was sufficient to authorize the President to transfer the powers theretofore exercised by the collector and Secretary of the Treasury, under the said provisions of the Tariff Act of August 5, 1909, as amended. The said Reorganization Act of March 3, 1933, being a later expression of the legislative intent, when followed by an order of the President made thereunder, must be held to operate as a repeal, pro tanto, of the said provisions of said Tariff Act. No rights were vested in the collector or Secretary of the Treasury which might not be divested by executive order, when we once concede the validity of the enabling act under which the President acted. The statute recites that the President may "transfer * * * any part of * * * the functions" of any executive agency, which language obviously includes the functions of the collector and Secretary of the Treasury. That the right to appeal, under said Tariff Act of August 5, 1909, was such a function, cannot be doubted.

■ In addition, it is quite evident from the language of the President's order that he intended to transfer to the Department of Justice the right to appeal from judgments of the United States Customs Court to this court. The language of the order is capable of no other construction. The order recites: "The functions of * * * defending claims and demands against the Government * * * are transferred to the Department of Justice."

A proceeding instituted by an importer, by way of protest, against the decision of a collector of customs, is a suit or demand against the United States. Feltex Corp. v. Dutchess Hat Works, 71 F.(2d) 322, 21 C. C. P. A. (Customs) 463, T. D. 46957; Manufacturers of Goat Leather, etc., v. United States, 21 C. C. P. A. (Customs) 591, 596, T. D. 46996; State of Louisiana v. McAdoo, 234 U. S. 627, 34 S. Ct. 938, 58 L. Ed. 1506. It follows that the United States is a party in all such proceedings.

■ It is argued that the petition for appeal in this case was improperly signed "The United States"; that, if the right of appeal had been transferred to the Department of Justice, the petition should have been signed by the Attorney General, as representing the Department of Justice, thus showing that the appeal was by the Department of Justice.

We cannot agree with this contention. As we have seen, the United States was a party to this litigation. The Assistant Attorney General was not a party, but merely represented such party in his official capacity. This was his duty, by law, and he performed it properly in signing said petition in the name of the United States. Under former acts, the collector has been held to have acted in a representative capacity only, in matters involving protests against duty exactions. Allison v. United States, 11 Cust. App. 297, T. D. 39126.

■ On oral argument, it was suggested that the petition herein was not signed by the Attorney General, but by the Assistant Attorney General, and that therein the petition was improperly signed. However, it seems quite apparent to the court that, if the transfer of the right to appeal had been made by the said order of the President to the Department of Justice, it was properly exercised by the Assistant Attorney General under and by authority of the provisions of the Tariff Act of August 5, 1909, § 28, subsec. 30 (36 Stat.

11, 108 [5 USCA § 296]), the relevant portions of which subsection are: "Sec. 30. That there shall be appointed by the President, by and with the advice and consent of the Senate, an Assistant Attorney General, who shall exercise the functions of his office under the supervision and control of the Attorney General of the United States. * * * Said attorneys shall act under the immediate direction of said Assistant Attorney General, or, in case of his absence or a vacancy in his office, under the direction of said Deputy Assistant Attorney General, and said Assistant Attorney General, Deputy Assistant Attorney General, and attorneys shall have charge of the interests of the Government in all matters of reappraisement and classification of imported goods and of all litigation incident thereto, and shall represent the Government in all the courts and before all tribunals wherein the interests of the Government require such representation."

The Assistant Attorney General having taken this appeal, it will be presumed, in the absence of a showing to the contrary, that he acted, in so doing, under the supervision and control of the Attorney General. General Dyestuff Corp. v. United States, 21 C. C. P. A. (Customs) 89, T. D. 46409.

Counsel for appellee cite Allison v. United States, supra; Manufacturers of Goat Leather, etc., v. United States, supra, and United States v. Monsanto Chemical Works, 21 C. C. P. A. (Customs) 33, T. D. 46377, in support of their above contentions. We are unable to find anything in these authorities which is in opposition to the views herein expressed.

In view of our conclusions above stated it does not seem necessary to examine the question whether the Department of Justice derived any authority herein by virtue of the order of the Acting Secretary of the Treasury, T. D. 46601, hereinbefore referred to. Being of opinion that he had ample authority by virtue of the said order of the President of June 10, 1933, it becomes unimportant whether said T. D. 46601 did or did not confer such authority upon him.

In what we have said herein, we have taken the issues as made by the parties, and have not considered or decided points or matters not in issue.

The motion to dismiss is denied. Briefs for appellee will be filed within thirty days from rendition of this order.

Motion denied.